IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| OLIVIA T. CRUZ,<br><br>     Plaintiff,<br><br>  vs.<br><br>GEORGE V. CRUZ, and GUAHAN ACADEMY CHARTER SCHOOL,<br><br>     Defendants. | Superior Court Case No. <u>CV0247-18</u><br><br>**DECISION AND ORDER RE DEFENDANT GEORGE V. CRUZ'S MOTION FOR RECONSIDERATION** |

This matter is set for trial on January 17, 2020. Defendant George Cruz has moved the Court to reconsider its November 25, 2019 Decision and Order re Plaintiff's Counter Motion for Summary Judgment. This Court DENIES the Motion for Reconsideration as George has not demonstrated a basis for reconsideration.[1]

## I. <u>PROCEDURAL BACKGROUND</u>

As noted in its Decision and Order, Plaintiff Olivia Cruz filed a Counter Motion for Summary Judgment in response to Defendant Guahan Academy Charter School's Motion for Summary Judgment. Oppositions to the Counter Motion were due on October 2, 2019, but neither defendant filed a written opposition. The Court granted the Counter Motion in part, determining that the validity of a Quitclaim Deed between Olivia and George was undisputed and that there was no dispute over George's liability on the Quitclaim Deed.

---

[1] The Court issues this Decision and Order in advance of the due date for a Reply on the Motion (which is scheduled to be filed after the scheduled trial date) in order for the parties to understand the scope of issues for trial and to prepare for trial.

ORIGINAL

George moves the Court to reconsider on the basis of manifest injustice. CVR 7.1(i)(3). George contends that the Court should have considered his pled (but unverified) defense that Olivia was barred by the three-year statute of limitations for fraud causes of action.

## II.   **LAW AND DISCUSSION**

A Court may reconsider a prior decision upon "a manifest showing of a failure to consider material facts presented to the Court before such decision." CVR 7.1(i); *see also Quitugua v. Flores*, 2004 Guam 19 ¶ 38. George directs the Court to *Newport Capital Group, LLC v. Loehwing*, 2012 WL 13034223 (D.N.J.) and other authorities cited therein. According to these authorities, a manifest injustice occurs when an issue has been presented to the court but the court neglects to take the issue into account in its analysis. That did not happen here.

When a party files a motion for summary judgment, the Guam Rules of Civil Procedure mandate the opposing party to take action or risk not having input in the Court's decision: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." GRCP 56(e). Resting on his pleading is exactly what George did. He did not file an Opposition or any declaration in support of his position. Instead, he now believes the Court committed a manifest injustice in not scouring his pleadings or sua sponte examining whether each of his defenses present a disputed issue of fact. That was not the responsibility of the Court.

The Counter Motion asked for a determination of George's liability. Pl.'s Opp'n to Mot. Summ. J. and Counter Mot. at 8 (July 26, 2019). If George wanted to avoid summary judgment


ORIGINAL

on the issue of liability, the Rules required him to outline his statute of limitations defense--with supporting evidence--in opposition to Olivia's motion. Because he failed to present his legal arguments and factual evidence supporting a limitations bar in response to a summary judgment motion, he cannot demonstrate that the Court's grant of summary judgment amounts to a manifest injustice or that reconsideration is proper.

## III.   CONCLUSION

The Court DENIES George's Motion for Reconsideration and reminds the parties of the Pretrial Conference on January 8, 2020, at 9:00 a.m.

SO ORDERED this 3rd day of January 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

I acknowledge that a copy of the original hereto was placed in the court box of:

Gumataotao & Pole
R. Cunliffe

Date: 1-3-2020 Time: 11:10am

Superior Court of Guam

I acknowledge that a copy of the original hereto was placed in the court box of:

J.T. Terlaje

Date: 1-3-2020 Time: 11:10am

Superior Court of Guam

Appearing Attorneys:
Gary Wayne Francis Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Plaintiff
      Olivia T. Cruz
F. Randall Cunliffe, Esq., Law Offices of Cunliffe & Cook, for Defendant George V. Cruz
Jacqueline Taitano Terlaje, Esq., Law Office of Jacqueline Taitano Terlaje, P.C., for Defendant
      Guahan Academy Charter School

